UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **STACY NICOTRA,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**BAYSIDE NY HOMES LLC D/B/A KELLER WILLIAMS REALTY LANDMARK**, a New York limited liability company,<br><br>*Defendant.* | Case No. 1:24-cv-04459-FB-TAM |

**ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT**

This Court has reviewed the motion for preliminary approval of class settlement filed in this action, including the Settlement Agreement and Release ("Settlement Agreement").[1] Based on this review and the findings below, the Court finds good cause to grant the motion.

**FINDINGS:**

**1.** The Court hereby preliminarily approves the Settlement Agreement and the terms and conditions of settlement set forth therein, subject to further consideration at the Final Approval Hearing.

**2.** The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Agreement and hereby finds that the settlement falls within the range of reasonableness meriting possible final approval. The Court therefore preliminarily approves the proposed settlement as set forth in the Settlement Agreement.

**3.** The Notice and Claim Form (all attached to the Settlement Agreement), and their manner of transmission, comply with Rule 23 and due process because the notice and forms are reasonably calculated to adequately apprise class members of (i) the pending lawsuit, (ii) the

---

[1] Capitalized terms in this Order, unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

1

proposed settlement, and (iii) their rights, including the right to either participate in the settlement, exclude themselves from the settlement, or object to the settlement.

4. For settlement purposes only, the Class is so numerous that joinder of all Settlement Class Members is impracticable.

5. For settlement purposes only, Plaintiff's claim is typical of the Settlement Class Members' claims.

6. For settlement purposes only, there are questions of law and fact common to the Settlement Class which predominate over any questions affecting only individual Settlement Class Members.

7. For settlement purposes only, class certification is superior to other available methods for the fair and efficient adjudication of the controversy.

**IT IS ORDERED THAT:**

8. **Settlement Approval**. The Settlement Agreement, including the Claim Form and Notices attached to the Settlement Agreement as Exhibits A, B, and C are preliminarily approved.

9. **Appointment of the Settlement Administrator and the Provision of Class Notice**. Angeion Group is appointed as the Settlement Administrator. The Settlement Administrator will notify Class Members of the settlement in the manner specified under Section 6.5 of the Settlement Agreement. The Court further finds that the Notice Plan described in the Settlement Agreement is the best practicable under the circumstances. The Notice Plan is reasonably calculated under the circumstances to inform the Settlement Class of the pendency of the action, certification of a Settlement Class, the terms of the Settlement, Class Counsel's application for a Fee Award and Service Award, the claim process, and their rights to opt-out of the Settlement Class or object to the Settlement. The Notices and Notice Plan constitute sufficient notice to all persons entitled to notice. The Notices and Notice Plan satisfy all applicable requirements of law, including, but not limited to, ==Federal Rule of Civil Procedure 23== and the Constitutional requirement of due process.

10. **Claim for a Settlement Award**. Class Members who want to receive an award under the Settlement Agreement must accurately complete and submit a Claim Form to the Settlement Administrator approximately 60 days after the Notice Date, as specified in the Notices.

11. **Objection to Settlement**. Any Class Member who has not submitted a timely written exclusion request pursuant to paragraph 13 below and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement must submit written objections to the Clerk of the Court postmarked by the Opt-Out Deadline. Any objection regarding or related to the Settlement Agreement must include: (i) the objector's name, address, and telephone number; (ii) the phone number(s) at which it, he or she received texts covered by this Settlement; and (iii) the factual basis and legal grounds for the objection. Only Settlement Class Members who submit timely objections may speak at the Final Approval Hearing. If a Settlement Class Member makes an objection through an attorney, the Settlement Class Member will be responsible for his or her personal attorney's fees and costs.

12. **Failure to Object to Settlement.** Settlement Class Members who fail to object to the Settlement Agreement in the manner specified above will: (1) be deemed to have waived their right to object to the Settlement Agreement; (2) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement; and (3) not be entitled to speak at the Final Approval Hearing.

13. **Requesting Exclusion**. Settlement Class Members may elect not to be part of the Class and not to be bound by this Settlement Agreement. Individual requests for exclusion may be submitted to the Settlement Administrator by mail and postmarked no later than the Opt-Out Deadline. No mass opt-outs are allowed. All requests for exclusion must be in writing and signed by the Settlement Class Member, include the Settlement Class Member's name, address, and the phone number(s) at which he or she received texts covered by this Settlement, and clearly state that the Person wishes to be excluded from the Litigation and the Settlement.

14. **Provisional Certification**. The Settlement Class is provisionally certified as a class of: all persons (1) associated with 1,019 unique telephone numbers in records produced by

3

Follow Up Boss in connection with the Litigation (2) that were registered on the National Do Not call Registry for at least 30 days and (3) to which more than one text message was sent by Deirdre Folan on behalf of Defendant within any 12 month period between June 24, 2020 and the date of preliminary approval. Excluded from the Settlement Class are: (1) the Judges presiding over this action and members of their families; (2) the Defendant, Defendant's respective subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded person(s).

15. **Conditional Appointment of Class Representative and Class Counsel**. Plaintiff is conditionally certified as the class representative to implement the Parties' settlement in accordance with the Settlement Agreement. Avi R. Kaufman of Kaufman P.A. and Stefan Coleman of Coleman PLLC are conditionally appointed as Class Counsel. Plaintiff and Class Counsel must fairly and adequately protect the Settlement Class's interests.

16. **Termination**. If the Settlement Agreement terminates for any reason, the following will occur: (a) class certification will be automatically vacated; (b) Plaintiff and Class Counsel will stop functioning as the class representative and class counsel, respectively, except to the extent previously appointed by the Court; and (c) this Action will revert to its previous status in all respects as it existed immediately before the Parties executed the Settlement Agreement, other than as to payments made to, or owed for work already incurred by, the Settlement Administrator. Neither the Settlement nor this Order will waive or otherwise impact the Parties' rights or arguments. Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Class Notice, court filings, orders and public statements, may be used as evidence. In addition, neither the fact of, nor any documents relating to, any Party's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence.

17.     **No Admissions.**  Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

18.     **Stay of Dates and Deadlines.**  All discovery and pretrial proceedings and deadlines are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order. Pending final determination of whether the Settlement should be approved, Plaintiff, all persons in the Settlement Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

19.     **Modifications.**  Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Settlement.  The Parties may further modify the Settlement Agreement prior to the Final Approval Hearing so long as such modifications do not materially change the terms of the settlement provided therein.  The Court may approve the Settlement Agreement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Settlement Class Members.

20.     **Final Approval Hearing**.  On April 15, 2026, at 3:00 pm, this Court will hold an in person Fairness Hearing to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate.  Plaintiff's motion in support of the Final Approval shall be filed after notice is disseminated and at least fifteen (15) days prior to the Final Approval Hearing.  This Court may order the Final Approval Hearing to be postponed, adjourned, held remotely, or continued.  If that occurs, the Parties will not be required to provide any additional notice to Settlement Class Members.

21.     **Summary Timeline.**  The Agreement and this Order provide for the following timeline dates and deadlines related to the provision of notice and the Final Approval Hearing:

| Settlement Administrator provides Initial Mailed Notice to Settlement Class Members | Within thirty (30) days after entry of the Preliminary Approval Order |
|---|---|
| Class Counsel's application for fees, expenses, and costs and a Service Award for Representative Plaintiff | No later than thirty (30) days prior to the Opt-Out Deadline |
| Last day for Settlement Class Members to submit Claim Forms and Opt-Out Deadline | Approximately sixty (60) days after the Notice Date |
| Last day for Settlement Class Counsel to file motion in support of Final Approval | At least fifteen (15) days before Final Approval Hearing |
| Final Approval Hearing | Approximately one hundred and twenty (120) days from entry of the Preliminary Approval Order |

So Ordered.
/s/ Frederic Block, U.S.D.J.
December 15, 2025